STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-80
DHM- KEN-9/26/2003

MIDDLESEX MUTUAL
ASSURANCE CO.,

Petitioner

v.

MAINE SUPERINTENDENT
OF INSURANCE,

Respondent

and

LEON and PAMELA BAKER,

Parties-in-Interest

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

OCT 7 2003

This matter is before the court on petition for judicial review of final agency action pursuant to M.R. Civ. P. 80C.

Petitioner Middlesex Assurance Company ("Petitioner") insured Leon and Pamela Baker ("Bakers") under their homeowners' policy. This petition deals with Petitioner's non-renewal of the Bakers' policy. The Bakers' policy with Petitioner covers the dwelling, and personal property within the dwelling, for fire damage, smoke damage, and damage from explosion, among other things.

On June 4, 2002, Petitioner mailed the Bakers a Notice of Non-Renewal of their homeowners' policy, effective August 19, 2002. As reason for non-renewal, the notice stated, "Home has two heating devices venting into the same flue and is not eligible for a homeowners' policy with Middlesex Assurance Company."

The Bakers filed a timely request for an administrative hearing on the non-renewal. Respondent Superintendent of Insurance ("Respondent") held a hearing on

June 25, 2002. The hearing officer received both testimonial and documentary evidence, subsequently closing the record. After closing the record, the hearing officer took administrative notice of the Rules of the Maine Oil and Solid Fuel Board and relied on those rules in her decision. As reflected in the hearing officer's findings (issued October 16, 2002), Respondent determined that Petitioner failed to establish adequate grounds for non-renewal of the policy. Respondent's decision specified that Petitioner's reason for non-renewal was not rationally related to the insurability of the property because 1) the Bakers' flue use might be protected by a grandfather clause in the OSFB Rules; and 2) Petitioner failed to show specific evidence that the Bakers' chimney fails to provide a sufficient draft for each appliance.

Petitioner then filed this 80C Petition for Review, challenging Respondent's decision for the following: error of law and abuse of discretion; lack of substantial record evidence; and lack of fair notice of and opportunity to rebut evidence.

When the decision of an administrative agency is appealed pursuant to M.R. Civ.P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (*citing CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not

whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, § 6, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.* "The plain meaning of a statute always controls over an inconsistent administrative interpretation." *Nat'l Industrial Constructors, Inc. v. Sup't. of Insurance*, 655 A.2d 342, 345 (Me. 1995)(citation omitted).

Petitioner argues that Respondent abused his discretion and erred as a matter of law in determining that Petitioner sought to non-renew the policy for a reason not rationally related to the insurability of the property. Petitioner also argues that Respondent violated the Maine Administrative Procedure Act ("APA"), and Petitioner's due process rights, by relying on documentary evidence not introduced at the hearing and to which Petitioner lacked the opportunity to respond.

Respondent asserts that Petitioner failed to meet its burden of proving that the reason for its intent to non-renew the policy was rationally related to the insurability of the property. Respondent also maintains that it did not violate the APA by applying the OSFB Rules to the facts and evidence in the record.

At issue is whether Respondent improperly took notice of the OSFB Rules. Respondent took notice of the OSFB Rules after the record was closed and, as reflected in her decision, relied on those Rules in her findings and decision. Petitioner argues that such notice was improperly taken and that Petitioner was never given an opportunity to contest the material. Petitioner is incorrect.

3

"All material, including records, reports, and documents in the possession of the agency, of which it desires to avail itself as evidence in making a decision, shall be offered and made part of the record and no other factual information or evidence shall be considered in rendering a decision." 5 M.R.S.A. § 9059(4). The APA is specific regarding administrative notice:

> Agencies may take official notice of any facts of which judicial notice could be taken, and in addition may take official notice of general, technical, or scientific matters within their specialized knowledge *and of statutes, regulations, and nonconfidential agency records.* Parties shall be notified of the material so noticed and they shall be afforded an opportunity to contest the substance or materiality of the facts noticed.

5 M.R.S.A. § 9058(1)(emphasis added).

First, § 9058 makes plain that an agency may take official notice of "...statutes, regulations, and nonconfidential agency records." *Id.* Thus, Respondent's taking notice of the OSFB Rules was entirely within its authority.

Second, Petitioner argues that it was not notified of the material so as to have an "...opportunity to contest the substance or materiality of the facts noticed." *Id.* However, Petitioner itself referenced and introduced the OSFB Rules during the hearing. Mr. Mayette (representing Petitioner) referenced 32 M.R.S.A. § 2313 at the hearing and highlighted the first sentence of that provision, which reads: "No installation of oil or solid fuel burning equipment or chimneys and fireplaces as defined in this chapter may be made in the State unless the installation complies with all *standards and regulations adopted by the board [OSFB]*" (emphasis added). R. 3, 10. Further, Petitioner never indicates to what it would object in the rules. Were the court to remand on the basis of improper notice, the practical consequence would be that Respondent would again take notice of the OSFB Rules, notify Petitioner "officially"

(even though Petitioner introduced and referenced the rules in the original hearing), and likely come to the same conclusion.

Respondent did not violate the APA by taking notice of the OSFB Rules. Because Respondent is authorized to take notice of such rules and regulations pursuant to 5 M.R.S.A. § 9058 and because Petitioner introduced and referenced the OSFB Rules at the hearing, the court will not remand on that basis.

Petitioner argues that Respondent erred as a matter of law and abused her discretion in determining that Petitioner's reason for non-renewal was not rationally related to the insurability of the property.

The standard for which an insurer may non-renew a homeowners' policy is upon notice identifying a good faith reason rationally related to the insurability of the property. Maine Property Insurance Cancellation Control Act ("CCA"), 24-A M.R.S.A. § 3051. The burden of proof on the reason for intent not to renew lies with the insurer; the insurer must establish proof or evidence of their reason for non-renewal. 24-A M.R.S.A. § 3054. Although this standard is low for the insurer, this court must meet a high standard to overturn Respondent's decision.

The National Fire Protection Association ("NFPA") Code #211, § 6-8.2 reads, "Unless listed for such connection, solid fuel-burning appliances shall not be connected to a chimney flue serving another appliance." No evidence was offered as to whether Respondent's appliances were "listed for such connection." The OSFB Rules further clarify this standard; they contain the same language noted above, "Unless listed for such connections, solid fuel-burning appliances shall not be connected to a chimney flue burning other fuels. Yet, the OSFB Rules make an exception: "Any chimney existing prior to February 2, 1998 having existing interconnecting appliances, is acceptable for

continued use provided that sufficient draft is available for each appliance and the chimney is structurally intact."

No evidence was offered to establish whether the Baker's chimney provides a sufficient draft for each appliance, and no evidence was submitted to show that the chimney was not structurally intact. Respondent interpreted the record to mean that the Bakers maintain a clean chimney, and that there was insufficient evidence to conclude that the Bakers' do not adequately clean their chimney.

Petitioner brings to the court's attention language from a 1993 Superior Court decision, *Vermont Mutual Ins. Co. v. Maine Bureau of Insurance*, Kenn. County, July 19, 1993 (Mills, J.).[1] Petitioner emphasizes *Vermont Mutual's* assertion that "It is the insurer's concept of insurability, the acceptability of this particular risk by this particular insurer, which controls." *Id.* at 3-4. Petitioner relies on this statement to assert that Respondent abused her discretion by not applying Petitioner's concept of insurability. This court agrees. It also agrees that the Legislative scheme suggests that the reason for nonrenewal must be rationally related "to the insurability of the property based upon the insurer's underwriting standards and experience ". It is the "acceptability of this particular risk by this particular insurer which controls."

The record contains a letter in affidavit form signed by Leon Baker, a Middlesex form titled "Wood Burning Stove Supplement" and an unsigned letter addressed to the Superintendant as the evidence relied upon by the hearing officer for the proposition that the installation has been in place without problems for a lengthy time and the chimney stays clean. In her decision, she also makes reference to the employment history of Mr. Baker as a fireman. As stated in *Vermont Mutual*, the fault or lack thereof

---

[1] The Law Court has not yet construed the non-renewal guidelines that apply to this case.

6

on the part of the insured is not relevant to whether the insured has a good faith reason for nonrenewal.

Respondent found, and it is undisputed, that the Bakers vent two heating appliances – a wood stove and an oil-burning furnace – into the same flue, and have done so since well before 1998. Respondent also found that the risk of fire associated with creosote buildup may be minimized by keeping a chimney clean, and that the Bakers adequately maintained their chimney. However, the standard as stated in justifying the exception is whether there is a sufficient draft available for each appliance and the chimney is structurally intact. This court finds it impossible to conclude that the cleanliness habits of the insured have a direct relationship to "sufficient draft" or "structurally intact." That is the status of structural rationality that must be related to the insurability of the property. The insured has determined that structurally the insurability of the property was at risk notwithstanding the ability of the insured to clean the chimney. That is certainly a rationale standard. Furthermore, it is certainly consistent for an insurer to place greater weight upon structural conditions than chimney cleaning history of the insureds. The Respondent abused her discretion in failing to consider the insurer's concept of insurability which should control.

The exception to the Oil and Solid Fuel Board rule has been described as a "grandfathering" provision. Grandfathering is a procedural concept found in laws, regulation and doctrine to address issues of retroactivity of new standards. It is rational for the insurer to rely upon the rule rather than the grandfathered exception in terms of its determination of risks.

In its presentation, the petitioner showed that "the interconnection between these appliances are related to increase exposure to fire and that it is because the chimney is

7

not allowed to work properly". It further enumerated five reasons for the standard: insufficient flue size, back up of flue gases, back drafts to blow sparks into the room, inability to close all flues and excessive creosote. To this, the hearing examiner relied upon a representation of the insured that he is a fireman, the chimney is cleaned twice a year and the age of the installation caused it to be "grandfathered" from the standard.

The examiner also faulted the petitioner with failing to present evidence of the exceptions to the standard. It is only required to establish a rational relationship to a risk. Further, it was not afforded an opportunity to inspect the premises to determine actual capacity of the chimney.

The insurer's concept of insurability relies upon the circumstances of the dual-vented wood stove and oil furnace, the unacceptability of this condition, and the risk it presents to Petitioner. The standard clearly prohibits such dual venting unless the appliances are "listed for such connection," sufficient drafts are available per appliance, and the chimney is structurally intact. *See* NFPA Code #211, § 6-8.2 (R. 64); OSFB Rules 11-3.1 to 11-3. The hearing examiner relied upon a promise of future conduct by the insured to ignore the competent scientific evidence as presented by the insurer. This ground for failure to find the insurer met its burden of presenting a rationally related reason for nonrenewal is error and overlooks the competent and substantial evidence of petitioner. The record does not contain competent and substantial evidence that supports the result reached by the Superintendant.

The entry will be:

The decision of the Superintendent of October 16, 2002 in regards Leon & Pamela Baker v. Middlesex Mutual Assurance Company is REVERSED.

September 26, 2003

JUSTICE, SUPERIOR COURT

Date Filed __11/18/02__ __Kennebec__ Docket No. __AP02-80__

County

Action __Petition for Review__
80C

# J. MARDEN

__Middlesex Mutual Assurance Company__ VS. __Superintendent of Ins. for the State of__

| Plaintiff's Attorney | Defendant's Attorney & Leon & Pamela Baker |
|---|---|
| Peter B. Bickerman, Esq.<br>45 Memorial Circle<br>Augusta, Maine 04330-5307 | Thomas C. Sturtevant, Jr., Esq.<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 11/18/02 | Petition for Review of Final Agency Action, filed. s/Bickerman, Esq. (attached exhibits A,B,C) |
| 11/27/02 | Original Returned Certified Mail Certificates of Steven Rowe, Alessandro Iuppa along with Leon & Pamela Baker, filed by Peter Bickerman, Esq. |
| 12/5/02 | Entry of Appearance, filed. s/Sturtevant, Jr., Esq. |
| 12/18/02 | Certification of Record, filed. s/Sturtevant, Jr., Esq. |
| 12/19/02 | Notice of briefing schedule mailed to attys. |
| 1/22/03 | Petitioner's Unopposed Motion for Modification of Briefing Schedule, filed s/Bickerman, Esq.<br>Proposed Order, filed. |
| 1/29/03 | ORDER MODIFYING BRIEFING SCHEDULE, Marden, J.<br>Petitioner's brief shall be filed no later than February 14, 2003 and the Respondent's brief no later than March 28, 2003.<br>Copies mailed to attys of record. |
| 2/14/03 | Petitioner's Unopposed Motion for Enlargement of Time to File Brief, filed. s/Bickerman, Esq.<br>Certificate of Service, filed. s/Bickerman, Esq.<br>Proposed Order, filed. |
| 2/20/03 | Brief of Petitioner, Middlesex Mutual Assurance Company with attachments, filed. s/P. Bickerman, Esq. |
| 3/03/03 | ORDER ON MOTION FOR ENLARGEMENT, Marden, J.<br>Petitioner's brief shall be filed no later than February 18, 2003.<br>Copies mailed to attys of record. |
| 3/27/03 | Brief of Respondent in Opposition to Petitioner's Brief in Support of its Petition for Review of Final Agency Action, filed. s/Sturtevant, Jr.,E<br>Certificate of Service, filed. s/Sturtevant, Jr., Esq. |
| 4/11/03 | Reply Brief of Petitioner Middlesex Mututal Assurance Company, filed. s/Bickerman, Esq. |